IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HASAN and VALERIE D. HASAN,<br><br>　　　　　Plaintiffs,<br><br>　v.<br><br>WACHOVIA MORTGAGE CORPORAOTION, ET AL.,<br><br>　　　　　Defendants.<br>_____/ | No. C 11-04197 JSW<br><br>**ORDER SETTING BRIEFING ON TRO AND ORDER TO SHOW CAUSE RE JURISDICTION** |

The Court has received Plaintiffs' application for a temporary restraining order ("TRO") and a order to show cause re preliminary injunction.[1] In the papers submitted, it appears that a foreclosure and eviction are scheduled for September 5, 2011. Accordingly, the Court has no option but to set an expedited briefing schedule as well as issue an order to show cause regarding jurisdiction.

In the event the Court determines that it has jurisdiction to adjudicate the parties' dispute, a hearing on the TRO shall be held on September 2, 2011 at 1:30 p.m. Accordingly, Defendants shall file a response to the application by no later than September 1, 2011 at 3:00 p.m. Should Plaintiffs elect to file a reply, it shall be due no later than September 2, 2011 at 10:00 a.m.

---

[1] Although the application is entitled *ex parte*, it was filed on August 29, 2011 and indicates that Defendants have been given 24 hours notice. (*See* Application at 2:9-12.) Plaintiffs are HEREBY ORDERED to serve Defendants with their TRO papers and this Order by no later than August 31, 2011 at 4:00 p.m. and shall file proof of such service by September 1, 2011.

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.* at 377. The United States is not a party to this case. Although Plaintiffs have not alleged the citizenship of each of the parties, it appears evident from the record that they are residents of California and that some, if not all, of the Defendants would be California citizens. Thus, complete diversity does not exist.

Additionally, having reviewed the facts alleged in the complaint, it appears as though Plaintiffs' only federal claim is time barred. Without a valid federal claim, this Court lacks jurisdiction over this action. In their complaint, Plaintiffs clarify that their claims stem from a loan that they obtained in June of 2004. Plaintiffs' only federal claim is one under the Real Estate Procedures Settlement Act ("RESPA"). (*See* Complaint at ¶¶ 151-58.).[2] RESPA is governed by a one or three year statute of limitations, depending on the alleged violation, that

---

[2] Although the complaint includes one reference to the Truth in Lending Act ("TILA") without any further allegations or cause of action under TILA, such a claim would be barred by the one year statute of limitations. *See* 15 U.S.C. § 1640(e). This limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or non-disclosures that form the basis of the TILA claim for damages. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). A district court can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate TILA's purposes and adjust the limitations period accordingly. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981).

commences on the date the alleged violation occurred. *See* 12 U.S.C. § 2614. However, because Plaintiffs' RESPA claim pertains to actions that occurred in June of 2004, when Plaintiffs signed the loan documents, Plaintiffs' RESPA claim is time-barred.

Although the Ninth Circuit has not addressed the question of whether equitable tolling is available under RESPA, several district courts have determined that equitable tolling is available. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1125 (N.D. Cal. 2009). Assuming that equitable tolling applies to the RESPA claim, Plaintiffs has not alleged facts that would demonstrate why they did not have a reasonable opportunity to discover the alleged violations within the limitations period. *See Pineda v. Wash. Mut. Bank, FA*, 2011 WL 249486, at *5 (N.D. Cal. Jan. 25, 2011) (declining to toll the limitations period for the plaintiffs' RESPA claim because they failed to provide facts to support the conclusion that "the facts surrounding this loan transaction were purposefully hidden and continue to be hidden from them").

Therefore, Plaintiffs are HEREBY ORDERED TO SHOW CAUSE in writing, by **September 1, 2011 by 3:00 p.m.** why this action should not be dismissed for lack of jurisdiction. Specifically, Plaintiffs shall address what facts, if any, they could allege that would support tolling the statute of limitations on their RESPA claim. If Plaintiffs can demonstrate that this Court has jurisdiction, the Court will hear their application for a restraining order on September 2, 2011 at 1:30 p.m. Plaintiffs are admonished that their failure to respond this Order by **September 1, 2011 at 3:00 p.m.**, will result in a dismissal of this action for lack of subject matter jurisdiction.

Should the Court find it lacks jurisdiction to hear this matter, it will dismiss. Should the Court find cause to exercise jurisdiction, it will hold a hearing on the application for a TRO on September 2, 2011 at 1:30 p.m. Should no further order issue, the parties shall appear at that time.

**IT IS SO ORDERED.**
Dated: August 31, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

3