**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HASAN and VALERIE D. HASAN,<br><br>    Plaintiffs,<br><br>  v.<br><br>WACHOVIA MORTGAGE CORPORAOTION, ET AL.,<br><br>    Defendants. | No. C 11-04197 JSW<br><br>**ORDER VACATING HEARING ON APPLICATION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING CASE** |

Immediately upon receipt of Plaintiffs' application for a temporary restraining order ("TRO") and a order to show cause re preliminary injunction, the Court issued an order setting an expedited briefing schedule as well as issue an order to show cause regarding jurisdiction.

Federal courts are under a duty to raise and decide issues of subject matter jurisdiction *sua sponte* at any time it appears subject matter jurisdiction may be lacking. Fed. R. Civ. P. 12; *Augustine v. United States*, 704 F.2d 1074, 1077 (9th Cir. 1983). If the Court determines that subject matter jurisdiction is lacking, the Court must dismiss the case. *Id.*; Fed. R. Civ. P. 12(h)(3). Federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts can only adjudicate cases which the Constitution or Congress authorize them to adjudicate: those cases involving diversity of citizenship (where the parties are from diverse states), or a federal question, or those cases to which the United States is a party. *See, e.g., Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994). Federal courts are presumptively without jurisdiction over civil

1  cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Id.*
2  at 377. The United States is not a party to this case. Although Plaintiffs have not alleged the
3  citizenship of each of the parties, it appears evident from the record that they are residents of
4  California and that some, if not all, of the Defendants would be California citizens. Thus,
5  complete diversity does not exist.

6  Having reviewed the facts alleged in the complaint, it appears that Plaintiffs' only
7  federal claim is time-barred. Without a valid federal claim, this Court lacks jurisdiction over
8  this action. In their complaint, Plaintiffs clarify that their claims stem from a loan that they
9  obtained in June of 2004. Plaintiffs' only federal claim is one under the Real Estate Procedures
10 Settlement Act ("RESPA"). (*See* Complaint at ¶¶ 151-58.).[1] RESPA is governed by a one or
11 three year statute of limitations, depending on the alleged violation, that commences on the date
12 the alleged violation occurred. *See* 12 U.S.C. § 2614. However, because Plaintiffs' RESPA
13 claim pertains to actions that occurred in June of 2004, when Plaintiffs signed the loan
14 documents, Plaintiffs' RESPA claim is time-barred. On August 31, 2011, this Court issued an
15 order to show cause why the Court should toll the statute of limitations and retain jurisdiction.

16 Plaintiffs responded timely to the order to show cause to produce evidence that the
17 statute of limitations should be tolled. In their response, Plaintiffs contend that they only had
18 reason to know of the alleged misrepresentations in violation of RESPA in February of 2007.
19 (*See* Response at 1.) Having filed this matter in August of 2011, there is no further information
20 regarding how the Court may toll the statute of limitations more than three years past the
21 discovery of the alleged violation, even if the discovery occurred in February of 2007 instead of

---

[1] Although the complaint includes one reference to the Truth in Lending Act ("TILA") without any further allegations or cause of action under TILA, such a claim would be barred by the one year statute of limitations. *See* 15 U.S.C. § 1640(e). This limitations period begins "at the time the loan documents were signed," because at that point the signatory is "in full possession of all information relevant to the discovery of a TILA violation ...." *Meyer v. Ameriquest Mortgage Co.*, 342 F.3d 899, 902 (9th Cir. 2003). The doctrine of equitable tolling may, in appropriate circumstances, suspend the limitations period until the borrower discovers the fraud or non-disclosures that form the basis of the TILA claim for damages. *King v. State of California*, 784 F.2d 910, 915 (9th Cir. 1986). A district court can evaluate specific claims of fraudulent concealment and equitable tolling to determine if the general rule would be unjust or frustrate TILA's purposes and adjust the limitations period accordingly. *Katz v. Bank of California*, 640 F.2d 1024, 1025 (9th Cir. 1981). In this matter, however, there is no cause to toll the statute.

1  June of 2004. *See Rosal v. First Fed. Bank of Cal.*, 671 F. Supp. 2d 1111, 1125 (N.D. Cal.
2  2009) *see also Pineda v. Wash. Mut. Bank, FA*, 2011 WL 249486, at *5 (N.D. Cal. Jan. 25,
3  2011) (declining to toll the limitations period for the plaintiffs' RESPA claim because they
4  failed to provide facts to support the conclusion that "the facts surrounding this loan transaction
5  were purposefully hidden and continue to be hidden from them"). [2]

6  Accordingly, the Court finds that it lacks jurisdiction to hear this matter and
7  DISMISSES the case without prejudice. The hearing on the application for a TRO, tentatively
8  set for September 2, 2011 at 1:30 p.m. is HEREBY VACATED.

9  **IT IS SO ORDERED.**

10 Dated: September 2, 2011

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[2] In addition, although unclear from the record as submitted, it appears that the requested injunction is barred by the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine mandates that district courts do not have subject matter jurisdiction over challenges to state court decisions in judicial proceedings. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416 (1923). "The purpose of the doctrine is to protect state judgments from collateral federal attack. Because district courts lack power to hear direct appeals from state court decisions, they must decline jurisdiction whenever they are 'in essence called upon to review the state court decision.'" *Doe & Associates Law Offices v. Napolitano*, 252 F.3d 1026, 1030 (9th Cir. 2001) (citing *Feldman*, 460 U.S. at 482 n.16). Where "the district court must hold that the state court was wrong in order to find in favor of the plaintiff, the issues presented are inextricably intertwined." *Id.* (citations omitted). The only court with jurisdiction to review decisions of state courts is the United States Supreme Court. *Feldman*, 460 U.S. at 486.
Although not included in the record as presented, it appears that Plaintiffs are challenging the validity of the judgment entered against them in a state court unlawful detainer action. In order to address Plaintiffs' TRO application, the Court would first have to determine whether the state court decision was wrongly decided. The Court thus finds that the issues presented by the application are "inextricably intertwined" with the state court unlawful detainer action. *See Napolitano*, 252 F.3d at 1030. This Court is barred under the *Rooker-Feldman* doctrine from exercising appellate review over state court decisions. *Rooker*, 263 U.S. at 416; *Feldman*, 460 U.S. at 482. Accordingly, this Court must deny Plaintiffs' TRO application for lack of subject matter jurisdiction for that additional reason.

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD HASAN et al, | Case Number: CV11-04197 JSW |
| Plaintiff, | **CERTIFICATE OF SERVICE** |
| v. | |
| WACHOVIA MORTGAGE et al, | |
| Defendant. | |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 2, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.


Donald Hasan
2730 May Road
El Sobrante, CA 94803

Valerie D. Hasan
2730 May Road
El Sobrante, CA 94803


Dated: September 2, 2011

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk